Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| FRANCISCO VALDÉS PÉREZ<br><br>Peticionario<br><br>v.<br><br>COOPERATIVA DE VIVIENDA LOS ROBLES Y OTROS<br><br>Recurrida | KLCE202401349 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2024CV00123<br><br>Sobre:<br>Daños |
|---|---|---|

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de enero de 2025.

El 16 de diciembre de 2024, el Sr. Francisco Valdés Pérez (en adelante, señor Valdés o peticionario) acudió ante nos mediante un recurso de *Certiorari*. Allí, nos solicitó la revocación de la *Resolución* dictada por el Tribunal de Primera Instancia, Sala de San Juan (en adelante, TPI o foro primario) con fecha del 6 de noviembre de 2024. Mediante tal dictamen, el TPI declaró No Ha Lugar la *Moción Bajo la Regla 63 de las de Procedimiento Civil* en contra del Hon. Arnaldo Castro Callejo, juez del TPI de San Juan (en adelante, juez Castro). En consecuencia, determinó que no procedía la recusación e inhibición, por lo que devolvió el caso al juez Castro, para la continuación de los procedimientos.

Examinado el expediente y sopesados los argumentos de las partes, **denegamos** expedir el auto solicitado.

I.

El 8 de enero de 2024, el señor Valdés presentó una *Demanda* sobre persecución, maltrato a personas de edad avanzada, daños y perjuicios en contra de la Cooperativa de Vivienda los Robles (en adelante, Cooperativa)

Número Identificador

RES2025 _____

y la Sra. Iris Quiles Sepúlveda (en adelante, señora Quiles). Posteriormente, el 6 de marzo de 2024, el peticionario presentó su *Demanda Enmendada* a los fines de enmendar sus alegaciones. En respuesta, el 5 de marzo de 2024, la Cooperativa y la señora Sepúlveda presentaron su *Solicitud de Desestimación, en Alternativa Contestación a Demanda*.

Así las cosas, el 8 de marzo de 2024, el TPI emitió una *Orden* que se notificó el mismo día. En esta, concedió al peticionario el término de cinco (5) días para mostrar causa por la cual no debía comparecer representado por abogado. Además, le apercibió los requisitos que tenía que cumplir para representarse por derecho propio. En cumplimiento con lo ordenado, el 12 de marzo de 2024, el señor Valdés presentó su *Moción en Cumplimiento de Orden*. Mediante esta, planteó que el Tribunal podía corroborar que podía autorrepresentarse, toda vez que el 19 de octubre de 2023, se celebró una vista en el caso *Francisco Valdés Pérez vs. Eurowheels Auto Corporation*, alfanumérico SJ2021CV06181, en la cual compareció por derecho propio. Asimismo, aclaró que cumplía con todos los requisitos esbozados por el Tribunal y, que contaba con los conocimientos necesarios para asumir su representación.

El 13 de marzo de 2024, el foro primario emitió una *Orden* en la cual declaró No Ha Lugar la *Moción en Cumplimiento de Orden*. Sostuvo que tomó conocimiento judicial de los casos SJ2021CV03878; D DP2011-0592; D DP2011-0844; D DP2011-1009; D AC2013-2944; E CD2014-0916; K AC2015-0541; K AC2016-0268; E CD2017- 0893; CG2018CV00405; BY2019CV00625; SJ2019CV01475; CG2019CV00429; SJ2019CV05010; SJ2017CV01741; y, SJ2020CV04625, los cuales reflejaban que permitir la autorrepresentación del señor Valdés podía causar demora indebida, interrupción de los procedimientos, entorpecería la sana administración de la justicia y podía atentar contra la dignidad del Tribunal, las partes o sus abogados. A su vez, resaltó que, surgía del caso SJ2021CV06181 que el

peticionario se había valido de la autorrepresentación para presentar demandas sobre hechos que eran cosa juzgada. Por todo lo anterior, el TPI ordenó al señor Valdés a comparecer por conducto de representación legal. Además, le apercibió que el incumplimiento con la *Orden* podría dar lugar a la imposición de sanciones.

Luego, el 26 de marzo de 2024, el señor Valdés presentó su *Moción Solicitando se le Asigne un Abogado de Oficio al Demandante*. Adujo que tenía 81 años de edad, y, que su único ingreso era el seguro social que escasamente le alcanzaba para sus necesidades básicas personales. Así pues, razonó que no tenía dinero para contratar un abogado para que lo representara. Por tanto, solicitó que se le asignara un abogado de oficio en el caso de epígrafe. En la misma fecha, el foro primario emitió una *Orden* en la cual determinó lo siguiente:

> Atendida la MOCIÓN SOLICITANDO SE LE ASIGNE UN ABOGADO DE OFICIO AL DEMANDANTE se declara No ha lugar. Adviértase, que conforme la Regla 5 (b) del Reglamento Para La Asignación De Abogados Y Abogadas De Oficio De Puerto Rico en este tipo de casos no hay derecho a que se asigne. Esto, ya que no se trata de un caso donde estén envueltos asuntos de vivienda, sustento, salud, seguridad y/o derechos de los padres y las madres sobre sus hijos e hijas menores de edad. Tampoco gira sobre una reclamación donde se envuelvan alegaciones que incidan sobre derechos fundamentales del ser humano, entre otros Ley Núm. 67-1993, según enmendada, Ley Núm. 408-2000, según enmendada, Ley Núm. 22-1988, según enmendada, Ley Núm. 248-2018, una designación de incapacidad y/o nombramiento de tutor de indigentes, desahucio, ejecución de hipoteca, etc.
>
> Por último e igualmente importante, conforme las alegaciones de su demanda se trata de un caso donde se reclama compensación en daños y perjuicios por los daños alegadamente sufridos; por lo que en este tipo de casos los honorarios generalmente se contratan a contingencia y la parte no tiene que desembolsar los mismos.

Así las cosas, el 4 de abril de 2024, el señor Valdés presentó una *Moción Bajo la Regla 63 de las de Procedimiento Civil*. En esencia, alegó que el juez Castro, quien presidía el caso de epígrafe, demostró parcialidad y prejuicio, toda vez que denegó su solicitud de autorrepresentación. Además, arguyó que el juez Castro violentó el debido proceso de ley, puesto que levantó defensas afirmativas que no fueron presentadas por la

parte recurrida. De igual forma, esbozó que el juez Castro abusó de su discreción judicial y se excedió en el desempeño de sus funciones. Por último, señaló que no había podido contratar representación legal, ya que las circunstancias del pleito no se lo permitieron. A tenor con lo anterior, solicitó la recusación e inhibición del juez Castro.

Luego de examinar los argumentos presentados por el peticionario, el 6 noviembre de 2024, el foro primario emitió una *Resolución* que se notificó el mismo día. Mediante esta, la Hon. Yahaida Zabala Galarza, jueza del TPI de San Juan, declaró No Ha Lugar la solicitud de recusación que presentó el peticionario y devolvió el caso al juez Castro para la continuación de los procedimientos. Particularmente, el foro primario concluyó que la solicitud de recusación estaba motivada por inconformidad del peticionario con las determinaciones judiciales y, que el descontento de una parte con dichas determinaciones no era fundamento suficiente para una recusación. Sostuvo que el ordenamiento jurídico prohibía que se utilizara el mecanismo de recusación para cuestionar determinaciones judiciales y, que el mecanismo correcto era acudir ante un foro de mayor jerarquía. De igual forma, determinó que la determinación del juez Castro era válida, fundamentada y correcta en derecho. Por ello, concluyó que no existía justificación o causa bajo la Regla 63.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R.63.1, por la cual el juez debía inhibirse o recursarse.

Cónsono con lo anterior, el 14 de noviembre de 2024, el TPI emitió *Orden*.[1] En esta, le impuso al señor Valdés una sanción de $75.00 por incumplimiento con las órdenes del Tribunal. A su vez, reiteró que el peticionario tenía que comparecer representado por abogado.

---

[1] Es menester mencionar que con relación a varias mociones sometidas por el señor Valdés luego de habérsele ordenado comparecer mediante abogado, el 10 de octubre de 2024, el TPI había emitido y notificado *Orden* mediante la que enfatizó que no atendería los escritos del peticionario hasta tanto cumpliera con la *Orden* del 12 de marzo de 2024, en la cual le ordenó a comparecer representado por abogado. En dicha ocasión, otorgó un término adicional de quince (15) días para que este contratara representación legal.

Inconforme, el 25 de noviembre de 2024, el señor Valdés presentó *Moción de Reconsideración* en la cual reiteró los planteamientos de su *Moción Bajo la Regla 63 de las de Procedimiento Civil*. Además, señaló que su conducta no fue contumaz, ni en claro menosprecio a la autoridad judicial. Apuntó, que la Sra. Wanda Medina y el Sr. José Soler se apropiaron ilícita e ilegalmente de su dinero, por lo que no había podido contratar un abogado que lo representara en el caso de epígrafe.

El 6 de diciembre de 2024, el foro primario declaró No Ha Lugar la *Moción en Reconsideración*. De esta determinación, el 16 de diciembre de 2024, el peticionario acudió ante nos mediante el recurso de epígrafe y señala la comisión de los siguientes errores:

> Incidió el TPI y abusó de su discreción judicial al ignorar lo dispuesto en la Regla 63 de Procedimiento Civil, presentando el demandante-recurrente una Moción Bajo la Regla 63 de las de Procedimiento Civil depositada en el Correo (U.S.P.S.) el 1 de abril de 2024 (Exhibit 4 022 al 034), acogida por el TPI el 4 de abril de 2024, declarada "No Ha Lugar" el 6 de noviembre de 2024, transcurrido más de doscientos trece (213) días, en contravención a lo dispuesto en la Regla 63 de Procedimiento Civil y ordenando la continuación de los procedimientos (Exhibit 1 001 al 007). (Énfasis omitido)

> Incidió el TPI y abusó de su discreción judicial al no considerar que el Juez recusado levantó defensas afirmativas que no habían sido promovidas por la parte demandada-recurrida. En contravención a la doctrina establecida por HTS en el caso Díaz Ayala v. E.L.A., 153 DPR 675 (2001).

> Incidió el TPI y abusó de su discreción judicial por voz de la Jueza Yahaida D. Zabala Galarza declarando "No Ha Lugar" la solicitud de recusación del Juez Arnaldo Castro Callejo presentada por el demandante-recurrente y ordenando la continuación de los procedimientos, al omitir y tergiversar los señalamientos planteados por el demandante-recurrente fundamentando los hechos que promovieron la recusación de Castro Callejo, según antes detallados.

Atendido el recurso, el 18 de diciembre de 2024, emitimos una *Resolución* en la que concedimos hasta el 8 de enero de 2025, a la parte recurrida para someter su posición. Expirado el plazo concedido, no ha comparecido. Por consiguiente, damos por sometido el asunto sin el beneficio de su comparecencia.

## II.

### A.

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. McNeil Healthcare v. Mun. Las Piedras I, *supra*; Scotiabank v. ZAF Corp et al., 202 DPR 478 (2019). La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." 800 Ponce de León v. AIG, *supra*. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." McNeil Healthcare v. Mun. Las Piedras I, *supra*.

*B.*

La inhibición y recusación de un juez o jueza está regulada por los Cánones de Ética Judicial[2] y las Reglas 63.1 y 63.2 de Procedimiento Civil.[3] Sobre esto, la Regla 63.1 de Procedimiento Civil, *supra*, establece que un juez deberá inhibirse, a iniciativa propio o a recusación de parte, por cualquiera de las siguientes razones:

a. Por tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados o abogadas que intervengan en el pleito o por haber prejuzgado el caso;[4]

b. por tener interés personal o económico en el resultado del caso;

c. por existir un parentesco de consanguinidad o afinidad dentro del cuarto grado con el(la) fiscal, procurador(a) de asuntos de familia, defensor(a) judicial, procurador(a) de menores o con cualquiera de las partes o sus representantes legales en un procedimiento civil;

d. por existir una relación de amistad de tal naturaleza entre el juez o jueza y cualquiera de las partes, sus abogados o abogadas, testigos u otra persona involucrada en el pleito que pueda frustrar los fines de la justicia;

e. por haber sido abogado(a) o asesor(a) de cualquiera de las partes o de sus abogados(as) en la materia en controversia, o fiscal en una investigación o procedimiento criminal en el que los hechos fueron los mismos presentes en el caso ante su consideración;

f. por haber presidido el juicio del mismo caso en un tribunal inferior o por haber actuado como magistrado(a) a los fines de expedir una orden de arresto o citación para determinar causa probable en la vista preliminar de un procedimiento criminal;

g. por intervenir en el procedimiento una persona natural o jurídica que le haya facilitado o gestionado algún préstamo en el que no se hayan dispensado las garantías o condiciones usuales;

h. cuando en calidad de funcionario(a) que desempeña un empleo público, haya participado como abogado(a), asesor(a) o testigo esencial del caso en controversia;

i. cuando uno de los abogados o abogadas de las partes sea abogado(a) de los jueces o juezas que han de resolver la controversia ante su consideración o lo haya sido durante los últimos tres años, o

---

[2] 4 LPRA Ap. IV-B.

[3] 32 LPRA Ap. V, R. 63.1 y 63.2.

[4] En cuanto a lo que significa prejuicio o parcialidad personal, nuestro Tribunal Supremo ha dicho que ello se refiere a "una actitud que se origina fuera del plano judicial, es decir, en el plano extrajudicial." Mun. de Carolina v. CH Properties, 200 DPR 701 (2018) al citar a Pueblo v. Maldonado Dipiní, 96 DPR 897, 910 (1969).

j. por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia.

De otra parte, la Regla 63.2 dispone cómo se perfeccionará la solicitud de inhibición o recusación y el procedimiento para ello. En lo referente, esta señala:

a) Toda solicitud de recusación será jurada y se presentará ante el juez o jueza recusado(a) dentro de veinte (20) días desde que la parte solicitante conozca la causa de la recusación. La solicitud incluirá los hechos específicos en los cuales se fundamenta y la prueba documental y declaraciones juradas en apoyo a la solicitud. Cuando la parte promovente de la recusación no cumpla con las formalidades antes señaladas, el juez o jueza podrá continuar con los procedimientos del caso.

b) Una vez presentada la solicitud de recusación, si el juez o jueza recusado(a) concluye que procede su inhibición, hará constar mediante resolución escrita los incisos (a) a (i) de la Regla 63.1 aplicable, en su defecto, la razón específica para su inhibición bajo el inciso (j) y la notificará a todas las partes. El caso será asignado a otro juez o jueza.

c) Si el juez o jueza concluye que no procede su inhibición, se abstendrá de continuar actuando en su capacidad de juez o jueza en el caso y remitirá los autos del mismo al juez administrador o jueza administradora para la designación de un juez o jueza que resuelva la solicitud de recusación. La recusación se resolverá dentro del término de treinta (30) días de quedar sometida.

d) Una vez un juez o jueza haya comenzado a intervenir en un caso, no podrán unirse al caso los abogados o abogadas cuya intervención pueda producir su recusación.

Alguna de las causas para solicitar la recusación de un juez o una jueza reconocidas en la regla, nacen de situaciones particulares entre el magistrado y una parte que pueden suscitar algún tipo de preferencia o prejuicio a favor o en contra de alguna de las partes involucradas en el pleito. Conjuntamente, la Regla 63.1 anticipa la posibilidad de que el juez o la jueza haya prejuzgado la controversia. O sea, que sus visiones personales controlen la adjudicación del caso, independientemente de la evidencia que se le presente y del derecho aplicable. Dávila Nieves v. Meléndez Marín, 187 DPR 750 (2013).

La recusación de un juez o una jueza no es una sanción disciplinaria. Sin embargo, un juez o una jueza que actúa con pasión, prejuicio o

parcialidad puede incurrir también en una violación a sus deberes éticos. *Íd.* Así lo reconoce el Canon 20 de Ética Judicial al disponer que las juezas y los jueces deben abstenerse de adjudicar, entre otros, aquellos casos en los que tengan "prejuicio o parcialidad hacia cualquiera de las personas, las abogadas o los abogados que intervengan en el pleito o por haber prejuzgado el caso". La obligación de abstenerse de intervenir en un caso en esas circunstancias responde al deber ético de imparcialidad. Dávila Nieves v. Meléndez Marín, *supra*, al citar a In re Grau Acosta, 172 DPR 159 (2007). Tal deber requiere a todos los integrantes de la Judicatura, no solo una conducta efectivamente imparcial, "sino además la exclusión de toda posible apariencia de parcialidad". *Íd.*

III.

Por virtud del recurso de epígrafe, el señor Valdés impugna la *Resolución* emitida el 6 de noviembre de 2024, en la cual el TPI declaró No Ha Lugar la *Moción Bajo la Regla 63 de las de Procedimiento Civil.* Específicamente, el peticionario reclama que el TPI incidió al declarar No Ha Lugar *la Moción Bajo la Regla 63 de las de Procedimiento Civil* transcurridos 213 días de la presentación de dicha moción. De igual forma, plantea que el foro primario abusó de su discreción al no considerar que el juez Castro levantó defensas afirmativas que no fueron presentadas por la parte recurrida. Por último, arguye que el TPI erró al omitir y tergiversar los señalamientos de la *Moción Bajo la Regla 63 de las de Procedimiento Civil.*

Evaluado el expediente, no encontramos presentes ninguno de los criterios que requieren nuestra intervención. Consideramos que no estamos ante un escenario en el que el foro primario haya actuado sin jurisdicción sobre el asunto o que se configure un caso extremo que exija nuestra intervención. Tampoco, contrario a lo que argumenta el peticionario, nos parece que la decisión recurrida sea contraria a derecho, ni que en esta haya mediado prejuicio, parcialidad o abuso de discreción por parte del TPI o

que la expedición del auto evite el fracaso de la justicia, mereciendo, pues, nuestro respeto.

IV.

Por todo lo antes consignado, **denegamos** expedir el auto de *certiorari* y dejamos sin efecto la paralización de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones